MEMORANDUM *
Plaintiffs appeal a jury verdict finding the manufacturer of mortar cartridges not liable for causing an explosion during a military training exercise in Hawaii. Plaintiffs are the soldiers and family members of soldiers who were injured or killed in the explosion. We have jurisdiction in this diversity case under 28 U.S.C. § 1291.
Plaintiffs argue that the trial court committed reversible error by admitting the testimony of Army Investigator Philip Leong as lay opinion testimony under Federal Rule of Evidence 701. Because Leong’s testimony was expert in nature, and its admission was not harmless, we reverse and remand for a new trial.
We review evidentiary rulings admitting lay opinion testimony for abuse of discretion. United States v. Mendoza-Paz, 286 F.3d 1104, 1118 (9th Cir.2002). We review de novo the “construction or interpretation of ... the Federal Rules of Evidence, including whether particular evidence falls within the scope of a given rule.” United States v. Durham, 464 F.3d 976, 981 (9th Cir.2006).
Here, the district court erred when it allowed Leong to offer specialized and highly technical testimony about the cause of the explosion. See Fed.R.Evid. 701(c) (limiting lay opinion testimony to testimony “not based on scientific, technical, or other specialized knowledge within the scope of [Federal Rulé of Evidence] 702”). The district court incorrectly determined that “[a]ny witness can talk about his job,” when, in fact, “any part of a witness’ testimony that is based upon scientific, technical, or other specialized knowledge within the scope of Rule 702 is governed by the standards of Rule 702.” Fed.R.Evid. 701 advisory committee’s note. This is true even when the expertise involved is specialized knowledge gained as part of a witness’s job; it is certainly true when the testimony is based upon scientific and technical knowledge. See United States v. Figueroa-Lopez, 125 F.3d 1241, 1246 (9th Cir.1997) (distinguishing between job-related testimony that falls within Rule 701 and job-related testimony that could only be admitted under Rule 702).
The admission of Leong’s testimony was not harmless error. See United States v. Freeman, 498 F.3d 893, 905 (9th Cir.2007). Despite designating three expert witnesses, General Dynamics called Leong as its only witness at trial, and his testimony more likely than not impacted the verdict. Because Leong testified as a lay witness, plaintiffs were not afforded the important protections of Federal Rule of Civil Procedure 26(a)(2). For example, despite issuing a broad subpoena, plaintiffs did not receive all of the photographs, physical evidence, or any of the historical malfunction investigation files that Leong relied on in his testimony. Leong had *677 been designated as a lay witness only. Although plaintiffs could have filed motions to compel production of the materials Leong relied on, they were not on notice that he would be allowed to present expert testimony at trial. They prepared accordingly. Finally, the error in admitting Leong’s testimony was not harmless because the district court correctly ruled that Hawaii’s strict liability law did not entitle General Dynamics to judgment as a matter of law, and the parties stipulated that General Dynamics was the successor entity responsible for the manufacture of the mortar shell. See Jenkins v. Whittaker Corp., 785 F.2d 720, 781 (9th Cir.1986).
REVERSED AND REMANDED FOR A NEW TRIAL.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.